UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES ANDREW CRAFT,               :
                                  :    Civil Action No. 10-4236 (SRC)
            Plaintiff,            :
                                  :
      v.                          :    **ORDER**
                                  :
ESSEX COUNTY DIVISION OF,         :
CORRECTIONS, et al.,              :
                                  :
            Defendants.           :

The Court having considered Plaintiff's application to file the Complaint and proceed <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915, and having screened the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e, and the Court finding that dismissal of the Complaint is not warranted at this time,

IT IS on this __30__ day of ___August___, 2010,

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

ORDERED that all claims against Essex County Division of Corrections, Essex County Sheriff's Department, Essex County Jail Medical Department, Warden Hendricks, and Sergeant Conway are DISMISSED WITHOUT PREJUDICE, as local government units and supervisors are not liable under § 1983 solely on a theory of

respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); and it is further

ORDERED that the matter MAY PROCEED against Defendants C/O Amorosi, C/O Horse, C/O Rupp, C/O Golas, and Nurse Sylvia; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of Essex County Correctional Facility; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon

Defendants C/O Amorosi, C/O Horse, C/O Rupp, C/O Golas, Nurse Sylvia, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants who are served shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this

action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account, with each payment referencing the civil docket number of this action.

/s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge